# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Wendy Powley, Deputy
Date 04/11/2012 Time 13:34:36
Description                    Amount
--------- CASE# CV2012-052412 ---------
CIVIL NEW COMPLAINT            301.00
-----------------------------------------
TOTAL AMOUNT                   301.00
      Receipt# 22099096

1    **THE ROSEN LAW FIRM, PLLC**
     Kierland Business Center
2    15849 N. 71st St., Suite 100
     Scottsdale, Arizona 85254
3    480-281-1810 (Office)
     480-302-7869 (Facsimile)
4    David K. Rosen – 018589
     davidrosen@rosenlawaz.com
5    *Attorney for Plaintiff Chad Mirr*

6

7    ## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

8    ## IN AND FOR THE COUNTY OF MARICOPA

9

10   CHAD MIRR,                         CV2012-052412

11                  Plaintiff,          No.

12          v.                          **COMPLAINT**

13

14   GREENWAY MEDICAL
     TECHNOLOGIES, INC., a Georgia
15   corporation doing business in Arizona,

16                  Defendant.

17
         Plaintiff, by and through his counsel of record, for his causes of action against
18
     Defendant, states, alleges, and avers and follows:
19

20       1.  Plaintiff Chad Mirr is a resident of Maricopa County, Arizona.

21       2.  Defendant Greenway Medical Technologies, Inc. (hereinafter "Greenway") is
22           a Georgia Corporation authorized to do business, and doing business, in the
23           State of Arizona.

24
         3.  The factual allegations giving rise to this action occurred with the venue of
25           this Court.
26

-1-

4.  Jurisdiction and venue are proper in this Court.

## COUNT ONE:  Violation of A.R.S. § 23-352 et. seq.
## (Failure to Pay Wages Owed)

5.  Plaintiff Mirr was hired in 2008 by Defendant Greenway as a "regional sales manager," and he remained in that employment capacity until he was terminated in September 2011.

6.  As part of Plaintiff's compensation structure and for his employment services, he was to be remunerated on a commission basis for procuring new clients who ultimately contracted to license and/or purchase software, services, and training from Greenway.

7.  Plaintiff has not been paid his full commission on a number of customers that, through Plaintiff's efforts, ultimately entered into a contract with Greenway.

8.  Despite procuring new clients who ultimately entered into contracts with Greenway, Plaintiff Mirr remains owed, and has not been paid, no less than $40,831.56.

9.  Plaintiff Mirr has made repeated demands to be paid for his employment services, but Greenway has failed and/or refused to do so.

10. Greenway has failed and refused to pay Plaintiff Mirr his outstanding wages/commissions owed.

11. Greenway's actions are in violation of A.R.S. §§ 23-352, 23-353, and 23-355.

12. Plaintiff Mirr is entitled to treble the wages/commissions owed him pursuant to A.R.S. § 23-355, and his reasonable attorneys' fees incurred herein as this matter arises out of a contract of employment.

-2-

**COUNT TWO:  Breach of Contract**

13. Each of the foregoing allegations are realleged as if fully set forth herein.

14. Plaintiff Mirr has performed all contractual obligations pursuant to the parties' employment contract, and is currently owed no less than $40,831.56 pursuant to the parties' contract.`

15. Plaintiff Mirr has made demands to Defendant Greenway for payment, however Greenway has failed and refused – and continues to fail and refuse – to pay Plaintiff Mirr the monies owed for services rendered.

16. Defendant Greenway's continual refusal to pay Plaintiff Mirr for his services rendered constitutes a material breach of the parties' contract.

17. This matter arises out of a contract between the parties and Plaintiff Mirr is entitled to recover his reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, if this matter is contested.

**COUNT THREE:  Breach of the Implied
Covenant of Good Faith and Fair Dealing**

18. Each of the foregoing allegations are realleged as if fully set forth herein.

19. There is an implied covenant of good faith and fair dealing in every contract in Arizona.

20. Defendant, as a contracting party with Plaintiff, acted in a manner inconsistent with Plaintiff's reasonable and justified expectations,

21. Defendant, as a contracting party with Plaintiff, further acted in a manner which prevented Plaintiff from realizing the full benefits and entitlements under the parties' contract.

22.     This matter arises out of a contract between the parties and Plaintiff, anticipated to be the prevailing party, is entitled to recover his reasonable attorneys' fees pursuant to A.R.S. § 12-341.01, if this matter is contested.

WHEREFORE, Plaintiff Chad Mirr demands judgment against Defendant Greenway as follows:

A.  For the principal sum of $40,831.56 for unpaid wages/commissions;

B.  For principal sum of $122,494.68, which sum represents treble the amount of unpaid wages/commissions;

C.  For Plaintiff's reasonable attorneys' fees pursuant to A.R.S. Section 12-341.01;

D.  For recovery of Plaintiff's costs, pursuant to A.R.S. Section 12-341;

E.  For pre- and post-judgment interest;

F.  For each other and further relief as the Court deems proper.

Dated this 11th day of April 2012.

THE ROSEN LAW FIRM, PLLC

By

David Rosen, Esq.
Attorney for Plaintiff Chad Mirr

MICHAEL K. JEANES, CLERK
BY _____ DEP

FILED

**12 APR 11  PM 1:32**

1    **THE ROSEN LAW FIRM, PLLC**
     *Kierland Business Center*
2    15849 N. 71ˢᵗ St., Suite 100
     Scottsdale, Arizona 85254
3    480-281-1810 (Office)
     480-302-7869 (Facsimile)
4    David K. Rosen – 018589
     davidrosen@rosenlawaz.com
5    *Attorney for Plaintiff Chad Mirr*

6

7            **IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

8              **IN AND FOR THE COUNTY OF MARICOPA**

9
     CHAD MIRR,                          No.   CV2012-052412
10
                    Plaintiff,
11                                        **CERTIFICATE OF COMPULSORY**
            v.                            **ARBITRATION**
12

13   GREENWAY MEDICAL
     TECHNOLOGIES, INC., a Georgia
14   corporation doing business in Arizona,

15              Defendant.

16
            Plaintiff, by and through his counsel of record, certifies that this matter **IS NOT**
17
     subject to compulsory arbitration.
18
            Dated this 11ᵗʰ day of April 2012.
19

20                                        THE ROSEN LAW FIRM, PLLC

21

22                                        By _____
                                             David Rosen, Esq.
23                                           Attorney for Plaintiff
                                             Chad Mirr
24

25

26

Rosen Law Firm PLLC
15849 N 71st St Suite 100
Scottsdale Arizona 85254
Client File Number:

MICHAEL K. JEANES, CLERK
BY DEP
RECEIVED NE LOBBY
DOCUMENT DEPOSITORY

12 APR 13 AM 11:08

FILED
BY _____ , DEP

04/12/2012

## IN THE MARICOPA COUNTY SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

| | | |
|---|---|---|
| CHAD MIRR | Plaintiff | NO. CV2012-052412 |
| vs | | CERTIFICATE OF SERVICE |
| GREENWAY MEDICAL TECHNOLOGIES, INC., a Georgia corporation doing business in Arizona, | Defendant | |

I, Darryl Biggs, hereby swear that I am duly qualified to serve process in this cause, having been so appointed by the court, that I received the following document(s) in this action:

**Summons & Complaint**

from  Rosen Law Firm PLLC  on  04/11/2012,
that I personally served the same upon the party/parties in the manner named below:

**NAME:**  GREENWAY MEDICAL TECHNOLOGIES, INC

**DATE & TIME:**   **04/12/2012  1:14 PM**
**PLACE:**   **CT CORPORATION; 2394 E CAMELBACK RD; PHOENIX  ARIZONA 85016    Business**
**MANNER:**   **By leaving true copy(ies) of the above documents with DUC LE STATUTORY AGENT  Ind**

MALE  33  ASIAN  BLACK  5'10  180  GLASSES

I declare under penalty of perjury that the foregoing is true.

_____
Darryl Biggs 8305
Process Server registered in  Maricopa  County

D & D Legal Services  12280 W Indian School Rd #125, Litchfield Park, AZ 85340

Darrel S. Jackson #018415
Law Office of Darrel S. Jackson, PLC
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
djackson@mathesonlegal.com
Attorney for Defendant


SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY


| | | |
|---|---|---|
| CHAD MIRR, | ) | Case No.: CV2012-052412 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **NOTICE OF APPEARANCE** |
| vs. | ) | |
| | ) | |
| GREENWAY MEDICAL | ) | |
| TECHNOLOGIES, INC., a Georgia | ) | |
| corporation doing business in Arizona, | ) | |
| | ) | |
| Defendant. | | |

Darrel S. Jackson, of the Law Office of Darrel S. Jackson PLC, hereby files his

Notice of Appearance on behalf of Defendant Greenway Medical Technologies, Inc.

Dated this 24th day of April, 2012.


s/ Darrel S. Jackson
Darrel S. Jackson #018415
Law Office of Darrel S. Jackson, PLC
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
djackson@mathesonlegal.com
Attorney for Defendant

-1-

Original E-Filed with Turbo-Court this
16th day of December, 2011 and a copy
of the foregoing mailed this same day to:

David K. Rosen
Rosen Law Firm, PLLC
15849 N. 71st Street, Suite 100
Scottsdale, AZ  85254-1787
Attorney for Plaintiff

s/ Heather Daniels

-2-

Michael K. Jeanes, Clerk of Court
*** Electronically Filed ***
Tina Hays
Filing ID 1273934
5/3/2012 5:02:00 PM

Darrel S. Jackson #018415
Matthew E. Walls #026523
Law Office of Darrel S. Jackson, P.L.C.
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
(480) 889-8951
djackson@mathesonlegal.com
mwalls@mathesonlegal.com

Attorneys for Defendant / Counterclaimant

SUPERIOR COURT OF ARIZONA

MARICOPA COUNTY

| | |
|---|---|
| CHAD MIRR,<br><br>              Plaintiff,<br><br>v.<br><br>GREENWAY MEDICAL<br>TECHNOLOGIES, INC., a Georgia<br>corporation doing business in Arizona,<br><br>              Defendant. | Case No.:  CV2012-052412<br><br>**ANSWER AND COUNTERCLAIM**<br><br>(Assigned to the<br>Honorable Michael McVey) |

As for its answer to the complaint of Plaintiff Chad Mirr ("**Mirr**"), Defendant Greenway Medical Technologies, Inc. ("**Greenway**") admits, denies, and affirmatively alleges as follows:

1.      Admit.

2.      Admit that Greenway is authorized to do business, and is doing business, in Arizona.  Affirmatively allege that Greenway is now incorporated in Delaware.

3.      Admit.

4.      Admit.

5.      Admit.

6.      Admit that Plaintiff was paid on a commission basis, but deny that he was entitled to a commission with regard to all new clients that he procured that ultimately contracted to license software and/or purchase software, services, and training from Defendant.

7.      Deny.

8.      Deny.

9.      Deny.

10.     Deny.

11.     Deny.

12.     Deny.

13.     Greenway incorporates by reference the responses above.

14.     Deny.

15.     Deny.

16.     Deny.

17.     Deny.

18.     Greenway incorporates by reference the responses above.

19.     Admit.

20.     Deny.

21.     Deny.

22.     Deny.

WHEREFORE, having fully answered Mirr's complaint, Greenway requests that the Court dismiss Mirr's complaint with prejudice and award Greenway its reasonable attorneys' fees and costs, together with such other relief that the Court may deem just and proper.

# COUNTERCLAIMS

As for its counterclaims against Mirr, Greenway alleges as follows:

1.     Mirr is a resident of Maricopa County, Arizona.

2.     Greenway is a Delaware corporation that is authorized to do business, and is doing business, in Arizona.

3.     Greenway sells an integrated practice management and EHR software platform to health care providers, in addition to other solutions and services.  The primary set of software programs is called PrimeSUITE, and includes software components relating to key aspects of a health care practice, including:

- Maintaining an electronic health record of patient information;

- Securely exchanging patient information between providers;

- Managing and accessing patient information and requests;

- Managing and accessing business financial information;

- Accessing scheduling and patient information remotely;

- Managing and accessing diagnostic imaging;

- Managing and accessing medical research; and

- Creating, managing, and accessing patient notes using speech recognition technology.

4.     Greenway employed Mirr as a regional sales manager in south Nevada and Arizona from August 25, 2008 through September 14, 2011.  In that position, Mirr's primary job duties were selling Greenway's solutions and services using technical, organizational and customer knowledge to influence customers and assist customers in applying Greenway's solutions and services to meet their needs.  Mirr served as Greenway's primary point of contact with its customers prior to project initiation, and negotiated with customers regarding a variety of financial and delivery-related issues.

Mirr also assisted with the development of sales strategies intended to maximize the value of existing customer relationships and identify new sales opportunities.  Mirr provided input regarding, and participated in, Greenway's marketing, market planning, and technical development of products and services.

5.     By virtue of his position, Mirr had access to and used confidential and proprietary information affecting and relating to Greenway's business operations.  This information included, but was not limited to:  the identity of Greenway's customers and potential customers; Greenway's business records; Greenway's trade secrets and know how (including detailed information regarding Greenway's software and services, such as PrimeSUITE); Greenway's sales and marketing materials, plans, and strategies; and other confidential and proprietary information related to Greenway and its operations.

6.     As the regional sales manager, Mirr served as a critical and primary point of contact with Greenway's customers and potential customers.

7.     In light of Mirr's position, Greenway required Mirr, as a condition of his employment, to sign certain agreements containing explicit contractual provisions intended to protect Greenway's highly value information and relationships with customers and potential customers.

8.     Mirr and Greenway executed a Non-Disclosure Agreement, dated August 18, 2008.  Among other things, this agreement placed the following restrictions on Mirr:

> "Employee agrees that during the period of employment with Greenway and for a period of one (1) year thereafter, he/she will not (a) solicit, recruit, or induce to leave, directly or indirectly, for his/her own account or for any other business, any of Greenway's employees, or (b) solicit, recruit, or induce for his/her own account or for any other business, any of Greenway's clients, customers, or business partners with whom he/she had direct material contact while working for Greenway during any part of the year immediately preceding the termination of his /her employment.    All information regarding Greenway customers or prospective customers, including but not limited to customer lists, pipeline reports, and sales forecasts, are the confidential property of Greenway as defined in Employee's Non-Disclosure Agreement and shall

-4-

not be disclosed.  Employee will execute contemporaneously herewith a separate Non-Competition Agreement."

9.    Mirr and Greenway also executed a document setting forth the terms and conditions that applied to commissions, dated August 4, 2009.  Among other things, this agreement placed the following restrictions on Mirr:

"Employee agrees that during the period of employment with Greenway and for a period of one (1) year thereafter, he/she will not (a) solicit, recruit, or induce to leave, directly or indirectly, for his/her own account or for any other business, any of Greenway's employees, or (b) solicit, recruit, or induce for his/her own account or for any other business, any of Greenway's clients, customers, or business partners with whom he/she had direct material contact while working for Greenway during any part of the year immediately preceding the termination of his/her employment.  All information regarding Greenway customers or prospective customers, including but not limited to customer lists, pipeline reports, and sales forecasts, are the confidential property of Greenway as defined in Employee's Non-Disclosure Agreement and shall not be disclosed."

10.    Greenway issued a laptop computer to Mirr to use for work.  The computer was a Toshiba Portege Model 700, serial number 48028683H (the "**Computer**").  The Computer remained Greenway property and Mirr was obligated to return it to Greenway upon demand.

11.    Upon his termination, Greenway specifically reminded Mirr of his obligation to return the Computer to Greenway, and provided him with instructions regarding how to return it.  Mirr has failed and refused to return the Computer to Greenway.

12.    Upon his termination, Greenway specifically reminded Mirr of his ongoing obligation to comply with the restrictive covenants to which he had already agreed.  Mirr has failed and refused to comply with those restrictive covenants.  For example, shortly after his termination from Greenway, Mirr took a sales position with Micro Development Services, Inc. ("**MDS**"), which is headquartered in Phoenix, Arizona.  MDS and Greenway are director competitors. While working for MDS, Mirr solicited business from at least one current Greenway customer.

## COUNT I

### Conversion

13.     Greenway incorporates by reference the allegations set forth above.

14.     Mirr has intentionally exercised dominion and control over the Computer in a manner that has seriously and completely interfered with Greenway's right to control it.

15.     Mirr's conversion of the Computer was done willfully and with an evil mind and, as such, Greenway is entitled to an award of punitive damages.

## COUNT II

### Breach of Contract

16.     Greenway incorporates by reference the allegations set forth above.

17.     The agreements identified in paragraphs 8 and 9 above are valid and enforceable contracts between Mirr and Greenway.

18.     Mirr has breached the obligations in those agreements.

19.     Mirr's misconduct has damaged Greenway's customer relationships, resulted in lost or reduced sales, and resulted in lost or damaged goodwill.

20.     Because this claim arises out of contract, Greenway is entitled to recover its attorneys' fees and costs incurred in connection with this litigation pursuant to A.R.S. § 12-341.01.

## COUNT III

### Violation of the Arizona Trade Secret Act

21.     Greenway incorporates by reference the allegations set forth above.

22.     Greenway's confidential and proprietary information, including, without limitation, the identity of its customers and potential customers, constitute trade secrets under Arizona law.

-6-

23.     During the course of his employment with Greenway, Mirr had access to Greenway's trade secrets.

24.     Greenway undertook reasonable efforts to safeguard its trade secrets.

25.     Upon information and belief, Mirr disclosed and used Greenway's trade secrets without Greenway's consent, for his own benefit or for the benefit of others.

26.     As a direct and proximate result of Mirr's wrongful use of Greenway's trade secrets, Greenway has suffered and will continue to suffer damage, including damages not entirely compensable through a monetary award.

27.     Greenway is entitled to injunctive relief against Mirr, and to compensation for its actual damages, pursuant to A.R.S. § 44-402.

28.     Mirr has willfully and maliciously misappropriated Greenway's trade secrets.  He has acted, and continues to act, with an evil mind and with an intent to injure Greenway, such that an award of punitive damages within the meaning of A.R.S. § 44-403 is appropriate.

29.     Greenway is entitled to an award of its reasonable attorneys' fees, pursuant to § 44-404.

WHEREFORE, Greenway prays that the Court grant the following relief:

A.     Order Mirr to return possession of the Computer to Greenway or, alternatively, for an award of monetary damages equal to the value of the Computer;

B.     Issue a permanent injunction ordering Mirr and all other persons in active concert or participation with him, whether acting individually or through any corporation, association, or other entity:

1.     To return to Greenway all of Greenway's confidential and proprietary information in his possession, custody, or control, and all copies thereof, in whatever format maintained;

-7-

2.   To refrain from divulging or using any of Greenway's confidential and proprietary information and trade secrets for his benefit or for the benefit of others;

3.   To refrain, for a period of 12 months from the date the injunction is issued, from directly or indirectly soliciting or attempting to solicit any of Greenway's customers or potential customers with whom he had direct material contact while working for Greenway during any part of the year immediately preceding the termination of his employment; and

4.   To refrain, for a period of 12 months from the date the injunction is issued, from designing, developing, marketing, licensing, selling, implementing, or servicing software consisting of practice management, computer-based patient record, or managed care components to any person or entity (i) that was a Greenway client as of the date of Mirr's termination or (ii) that was in Greenway's sales pipeline as a potential client as the of the date of Mirr's termination.

C.   Award Greenway's actual damages in an amount to be proven at trial;

D.   Award punitive damages in an amount to be proven at trial;

E.   Award Greenway its reasonable fees and related non-taxable expenses accrued and accruing herein, plus pre- and post-judgment interest at the legal rate, until paid in full;

F.   Award Greenway's taxable costs incurred herein, plus pre- and post-judgment interest at the legal rate, until paid in full; and

G.   Such other relief as the Court deems just and proper.

-8-

RESPECTFULLY SUBMITTED this 3rd day of May, 2012.

Law Office of Darrel S. Jackson, P.L.C.


/s/ Darrel S. Jackson
Darrel S. Jackson #018415
Matthew E. Walls #026523
15300 N. 90th Street, Suite 550
Scottsdale, Arizona 85260
Attorneys for Defendant / Counterclaimant

Original e-filed and a copy of the
foregoing mailed and e-mailed on
May 3, 2012 to:

David K. Rosen
The Rosen Law Firm, PLLC
15849 N. 71st Street, Suite 100
Scottsdale, AZ  85254
davidrosen@rosenlawaz.com
Attorney for Plaintiff / Counterdefendant


/s/ Darrel S. Jackson